# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| UNITED STATES OF AMERICA | RESPONDENT |
|---|---|
| v.  No. 4:04-CR-00160-WRW | |
| 4:06-CV-00395-WRW | |
| JAMES J. INSLEY | PETITIONER |

## ORDER

Pending is Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 51). The Prosecution has responded (Doc. No. 52).

### I. BACKGROUND

Petitioner was charged in a one-count indictment with being a felon in possession of firearms, a violation of 18 U.S.C. § 922(g)(1) and being an armed career criminal under 18 U.S.C. § 924(e). On January 27, 2005, Petitioner pled guilty to Count One of the indictment, and, on May 4, 2005, was sentenced to 188 months in prison. Petitioner did not appeal his case.[1]

### II. DISCUSSION

Petitioner asserts that he "pled guilty to possession of a firearm by a felon but didn't plea to the Armed Career Criminal."[2] Petitioner also asserts an ineffective assistance of counsel claim because his "attorney, after stating at sentencing she would be filing a direct appeal, didn't even though [Petitioner] asked her to."[3]

---

[1] Although Petitioner did not appeal his case within the statutory period, he filed a Motion to File a Belated Appeal on January 6, 2006. The motion was denied and the Eighth Circuit dismissed Petitioner's appeal "as untimely" on March 17, 2006.

[2] Doc. No. 51.

[3] *Id.*

1

### A. Armed Career Criminal

Petitioner asserts that the Armed Career Criminal enhancement should be dismissed because he "pled to count 1, felon in possession of a firearm, not armed career criminal."[4] He also contends that his attorney informed him he "was only facing time for the gun (5 years)."

During the January 27, 2005 plea hearing, the following discussion took place:

MR. WHITE: Your Honor, that is right, except that Count -- there is no Count 2, but there is a statutory sentencing enhancement, which is Section 924(e). It's not charged as a separate count because it's not its own offense; it's a statutory enhancement. And because of that statutory enhancement, assuming he qualifies for what Section 924(e) says, it's a mandatory minimum of not less than 15 years in the Bureau of Prisons. It's the government's position that those -- that he's been -- that those apply in this case.

THE COURT: Ms. Peters, do y'all understand that's what the government contends?

MS. PETERS: We understand that's what the government contends, your Honor, and it is our position that he possibly is not a career criminal, armed career criminal, and it is our intent, from talking with Mr. White, he understands our intent is to plead to the felon in possession, leave that open as far as whether he, in fact, is an armed career criminal, and that will be dealt with at sentencing. We understand if he is an armed career criminal, he is looking at the automatic 15-year sentence. If he is not, we go by what is listed in the statute, not more than ten years.

THE COURT: All right. Mr. Insley, do you understand what Mr. White and your lawyer, Ms. Peters, have just said about the armed career criminal?

THE DEFENDANT: Yes, sir.

THE COURT: And it may be that I'll find that you are that, and if so, it's a minimum of 15 years. Do you understand that?

THE DEFENDANT: Yes, sir.[5]

---

[4]Doc. No. 51.

[5]January 27, 2005 Tr. at 6-7 (Doc. No. 38).

At the May 4, 2005 sentencing hearing, I asked Petitioner if there was any reason I should let him withdraw his plea of guilty and I asked him if he wanted to withdraw his plea of guilty. To both questions, Petitioner responded "No."[6]

Based on the discussions with Petitioner at the plea hearing and the sentencing hearing, Petitioner's assertion that he believed he only facing 5 years in prison is without merit. Additionally, his claims that he did not realize was pleading guilty to, or could be subject to, the Armed Career Criminal enhancement is not supported by the record.

### B. Ineffective Assistance

To prevail on an ineffective assistance of counsel claim, Petitioner must show both deficient performance and prejudice. Petitioner must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different."[7] When considering ineffective assistance claims which are based on the failure to file an appeal, the Supreme Court has held: "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."[8] Petitioner has the burden of establishing that he expressly instructed his counsel to file an appeal.[9]

---

[6]May 4, 2005 Tr. at 2-3 (Doc. No. 39).

[7]*Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[8]*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

[9]*Barger v. U.S.*, 204 F.3d 1180, 1182 (8th Cir. 2000).

3

In his motion, Petitioner states that "my attorney, after stating at sentencing she would be filing a direct appeal, didn't even though I asked her to."[10] In a November 21, 2005 letter, some six months after he was sentenced, Petitioner requested new counsel because his lawyer had "not made an effort to file [his] direct appeal after [he] made it clear that [he] want[ed] to appeal the Armed Career Offender enhancement."

In response, the Prosecution has submitted Petitioner's trial attorney's affidavit, which specifically denies that Petitioner directed her to file an appeal.[11] The affidavit is corroborated by a May 10, 2005 letter Petitioner's trial attorney sent to him following the May 5, 2005 sentencing and a May 9, 2005 telephone conversation. Petitioner has provided no evidence to contradict his trial attorney's affidavit. Additionally, it seems to me that if Petitioner had expressly directed his trial counsel to appeal, there would have been follow-up correspondence with her after the May 9, 2005 telephone conversation and May 10, 2005 letter where she informed him that an appeal was not going to be taken. Petitioner's bare assertion that he directed his counsel to file an appeal, without more, is insufficient to rebut evidence to the contrary.[12]

Petitioner also asserts that the transcript reveals that his trial counsel replied "yes" when I asked her about appealing "the enhancement as a result of the objection raised under *U.S. v.*

---

[10]Doc. No. 51.

[11]Doc. No. 52, Ex. 1.

[12]See *Barger*, 204 F.3d at 1182 (holding that "[a] bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition").

4

*Shepard*."[13]  I've reviewed the transcript and Petitioner's trial counsel did not say that she *would* file an appeal; but, rather, if Petitioner wanted to appeal, she would file it.[14]

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED this 25th day of April, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[13]Doc. No. 51.

[14]See May 4, 2005 Tr. at 19 (Doc. No. 39) (THE COURT: I assume that you will file a notice of appeal on his behalf, Ms. Peters, if he wants to appeal? MS. PETERS: Yes, your Honor.).